[Civ. No. 16320.   Second Dist., Div. One.   July 7, 1948.]

A. F. LEVY, Appellant, v. NATIONAL AUTOMOBILE & CASUALTY INSURANCE CO. (a Corporation), Respondent.

A. F. Levy, in pro. per., for Appellant.

Victor Hyatt and George C. Bliss for Respondent.

WHITE, J.—This is an appeal from a judgment of dismissal entered after a demurrer to plaintiff's complaint was sustained, the plaintiff declining to amend.

The contents of the complaint, so far as is necessary to set forth here, are as follows: That Carrie F. Levi died testate in Los Angeles County and Agnes Levi was appointed special administratrix of her estate on February 15, 1943, and thereafter, on October 30, 1944, was appointed administratrix with the will annexed; that defendant corporation was the surety on her bond. "That the testate decedent was during her lifetime indebted to the plaintiff herein in the principal sum of $2,000.00 and subsequently interest thereon accrued in the sum of $415.00; whereupon the petition on or about June 8th, 1945 was duly presented to said administratrix seeking the transfer of $2,415.00 from said estate to this plaintiff in pursuance thereof. The principal sum of $2,000.00 to be charged against the residue of the estate and the accrual of $415.00 to be charged against the corpus of the estate. The said administratrix, having defaulted thereon, an action thereon was began in this court, entitled *A. F. Levy,* plaintiff (and also the within plaintiff) v. *Agnes Levi* as Administratrix of Carrie F. Levi (aforesaid) No. 504367 and thereafter said Administratrix acknowledged her default and in said action on Dec. 9th, 194*3* [1946] her default in last said action was duly entered in the sum of $2,415.00 plus $28.50 costs or total sum of $2,443.50."

By a second cause of action it is alleged: "That this plaintiff on or about the 16th day of April, 1945, filed in said estate matter, and also with Agnes Levi as General Adminstratrix, his creditors additional claim, as per vouchers attached thereto in the sum of $140.73 who thereafter admitted and acknowledged the correctness of said amount but refused to pay to this plaintiff any part thereof or claim that any part thereof had been paid or otherwise satisfied. That a final settlement of the Adminstratrix's account and Decree of Distribution was made on August 29th, 1945 and a distribution subsequently was made without this plaintiff's creditor claim included therein, and the said general Adminstratrix having failed to give notice to creditors as prescribed by law, which this plaintiff states herein as an issuable fact and not a conclusion of law."

Defendant bonding company demurred upon the grounds that the complaint contained no allegation in either cause of action that the claim sued on was allowed or rejected by the adminstratrix or the probate judge as required by sections 710 and 711 of the Probate Code; that the first cause of action

contained no allegation that the claim was rejected and the suit referred to in the first cause of action brought within three months from the date of rejection of the claim, as required by section 714 of the Probate Code; that the first cause of action did not set forth that notice of pendency of the suit therein referred to was filed as required by section 714 of the Probate Code, nor an allegation that a certified transcript of the judgment in such suit was filed in the probate proceedings as required by section 730 of the Probate Code. Defendant further pointed out by demurrer that "there is no allegation in either alleged cause of action set forth in the complaint that a claim against the estate, which is the basis of this suit, was filed or presented within the time required by section 707 of the Probate Code"; and finally, that the second cause of action contained no allegation that the judge of the superior court in probate had indorsed his approval of the claim as required by section 710 of the Probate Code.

It is at once apparent that the demurrer was well taken. From the first cause of action it appears that the petition to "transfer" funds was not filed until some years after the adminstratrix qualified. There is no allegation to the effect that the petition was filed or presented within the time limited by section 702 of the Probate Code after the publication of notice to creditors, nor does it appear from the first cause of action, assuming that the petition may be treated as a creditor's claim, that suit on a rejected claim was begun within the statutory time after notice of rejection thereof. (Prob. Code, § 714.)

The demurrer is likewise well taken as to the second cause of action, for the reason that if the alleged claim was rejected suit thereon should have been brought within the time prescribed by law (Prob. Code, § 714). Treating the allegation that the administratrix "acknowledged the correctness of said amount" as an approval of the claim, there is no allegation that the claim was thereafter approved by a judge of the probate court. The allegation in the second cause of action, "and the said general administratrix having failed to give notice to creditors *as prescribed by law,*" is but a conclusion of the pleader. (21 Cal.Jur., § 16, p. 32.)

Further discussion of the defects of the complaint herein would be fruitless. Appellant has elected to stand upon his complaint after being fully advised of its deficiences by the court's ruling on the demurrer.

It further appears from the complaint that the administratrix's final account was approved and distribution ordered, but there is no allegation that the probate court ever entered an order requiring the administratrix to pay the plaintiff any sums on account of his alleged claims. (Prob. Code, § 954.)

Because appellant is acting as his own attorney, we have been solicitous on his behalf, to the extent of examining the record of the various superior court proceedings involved. Such examination discloses that this appeal is utterly without merit. The record reveals that the alleged default of the adminsitratrix was entered by the clerk through inadvertence, the administratrix having filed an answer to which a demurrer was interposed and overruled. The erroneous entry of default was duly set aside. The claim upon which the second cause of action is based was not filed or presented until two years after publication of notice to creditors.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1948.